IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MARY GERAC | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-66 |
| | § | |
| GOOD DEAL TRUCKING, INC., | § | |
| THEODORE PUTMAN and PHILLIP BLOCK | § | |

### DEFENDANT THEODORE PUTMAN'S NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Theodore Putman hereby removes this action from the 60th Judicial District Court of Jefferson County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division, and as grounds for removal state as follows:

### I.   STATE COURT ACTION

1.  On August 13, 2021, Plaintiff Mary Gerac ("Gerac" or "Plaintiff") filed her Original Petition in the 60th Judicial District Court of Jefferson County, Texas, styled *Mary Gerac v. Good Deal Trucking, Inc. and Theodore Putman*, Cause No. B-208118 ("the State Court Action"). On October 13, 2021, Gerac filed her First Amended Petition in the State Court Action, adding Phillip Block as a defendant.

2.  In the State Court Action, Gerac alleges that she sustained injuries due to the negligence of the Defendants that resulted in a vehicular accident on Interstate Highway 10 in Beaumont, Jefferson County, Texas, on or about June 24, 2021. (See Exhibit C, 1st Am'd Pet., ¶¶

3.01 – 3.05.) Plaintiff asserts causes of action including negligence. (*See Id*. ¶¶ 3.01 – 3.22 and 4.02-4.05.) Gerac seeks damages for medical expenses, physical pain and suffering, mental anguish, physical impairment, lost wages and loss of earning capacity. (. (*See Id*. ¶¶ 5.01-5.036.)

3. Defendant Theodore Putman ("Defendant" or Putman") removes this State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II. PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(b)(2), 1441, 1446(a).

5. This removal is timely because this removal is being filed within thirty days of Defendant Theodore Putman being served or otherwise appearing in this State Court Action. 28 U.S.C. § 1446(b). Putman was served with citation on January 24, 2022.

6. Pursuant to 28 U.S.C. § 1446(a) and Eastern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by copies of the following materials:

**Exhibit A**  A list identifying the parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and stating the current status of the removed case (e.g., pending, dismissed)

**Exhibit B**  Civil Cover Sheet

**Exhibit C**  Copies of State Court Docket Sheet, Pleadings, Answers, Processes and Orders Served on Removing Party

**Exhibit D**  List of attorneys

**Exhibit E**  Record indicating which parties have requested a jury trial

**Exhibit F**  Name and address of the Court from which the case was removed

**Exhibit G**  Accident video

7. Pursuant to 28 U.S.C. § 1446(d), Putman is (1) serving Plaintiff and Codefendants with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the 60th Judicial District Court of Jefferson County, Texas, simultaneously with the filing of this Notice of Removal.

### III.     DIVERSITY OF CITIZENSHIP

**A.     Diversity of Citizenship as to Plaintiff and Defendants**

8. This Court has diversity jurisdiction in this matter. Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. Complete diversity exists in this because Plaintiff is not a citizen of the same state as any of the Defendants, with the exception of Defendant Phillip Block, and, as demonstrated below, Block has been improperly joined as a defendant.

9. Plaintiff is domiciled in Texas and is therefore a citizen of Texas for diversity purposes. (See Exhibit C: 1st Am'd Pet., ¶ 1.01.) *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). Defendant Good Deal Trucking, Inc. is a corporation and it is a citizen of Colorado and Georgia because it is incorporated in Colorado and it has its principal place of business in Georgia. 28 U.S.C. § 1332(c). *See also Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988). Putman is domiciled in Florida and is therefore a citizen of Florida for diversity purposes. (See the citation served on Putman, attached as part of Exhibit C.) *See also Freeman*, 754 F.2d at 555-56. While Plaintiff's First Amended Petition asserts Putman is a citizen of Texas, it also acknowledges that Plaintiff served Putman with a citation via the Texas secretary of state at his address in Florida: 508 East Osborne Avenue, Tampa, Florida 33603. (*See* said citation, attached as part of Exhibit C; see also Exhibit C: 1st Am'd Pet.,

¶¶ 1.03.) Defendant Phillip Block, who has been improperly joined, is domiciled in Texas and is therefore a citizen of Texas. (See Exhibit C: 1st Am'd Pet., ¶¶ 1.04.)

10. Because Plaintiff is a citizen of Texas and the properly joined Defendants are citizens of Florida, Georgia and Colorado, there is complete diversity among the parties. *See* 28 U.S.C. 1332(c)(1).

**B.   Amount in Controversy**

11. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. See White v FCI USA, Inc., 319 F.3d 672, 675-76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence showing that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253, (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009).

12. The Court may consider actual damages, exemplary damages, and attorney fees in determining the amount in controversy. *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Rawlings v. Travelers Prop. Cas. Ins. Co.*, No. 3:07-CV-1608-O, 2008 WL 2115606, at *8-9 (N.D. Tex. May 20, 2008) (considering plaintiffs' request for exemplary damages and potential recovery pursuant to Tex. Civ. Prac. & Rem. Code § 41.008, and finding that the amount in controversy "more likely than not" exceeded $75,000); *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002).

13. The amount at issue in this matter exceeds $75,000, exclusive of interest and costs, as indicated by Plaintiff's assertion in her First Amended Petition—that "the amount in

controversy greatly exceeds $75,000." (See Exhibit C: 1st Am'd Pet., ¶¶ 2.03.) In addition, the First Amended Petition asserts that Gerac sustained "permanent and disabling injuries" as a result of Defendants' alleged negligence and gross negligence, and she seeks exemplary damages as well as damages for medical expenses, pain and suffering, mental anguish, physical impairment, lost wages and loss of earning capacity. (See Exhibit C: 1st Am'd Pet., ¶¶ 3.18, 5.03 and 5.04.)

14. Although Putman denies that Plaintiff is entitled to the damages claimed, when the actual and exemplary damages sought by the Plaintiff are included in the amount in controversy calculus, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

15. Defendants Good Deal Trucking, Inc. and Phillip Block consent to the removal of this action to the U.S. District Court for the Eastern District of Texas.

### IV.   IMPROPER JOINDER

16. A non-diverse defendant is improperly joined such that its citizenship can be ignored for purposes of evaluating diversity jurisdiction if the removing party shows either that: (1) there was actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "In other words, committing fraud in the facts or faking a defendant is not a basis for denying diversity jurisdiction." *Williams v. Homeland Insurance Co. of New York*, 18 F.4th 806, 812 (5th Cir. 2021). It is the removing party's burden to establish improper joinder. *See Smallwood* at 574.

17. Defendant Phillip Block, who has been improperly joined, is domiciled in Texas and is therefore a citizen of Texas. (See Exhibit C: 1st Am'd Pet., ¶¶ 1.04.) Plaintiff cannot establish a cause of action against Block in state court; consequently, he has been improperly

joined and his citizenship can be ignored for the purpose of evaluating diversity jurisdiction. *See Smallwood* at 573.

18. Whether a viable state cause of action exists depends on whether the plaintiff has any possibility of recovery against the non-diverse defendant in state court at the time of removal. *See Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). There must be a "*reasonable possibility of recovery*" against the party whose joinder is questioned. *Badon v. RJR Nabisco*, 236 F.3d 282, 286, n. 4 (5th Cir. 2000); *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)(emphasis added.) The inquiry is virtually identical to the inquiry on a motion to dismiss for failure to state a claim: "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*. (quoting *Smallwood,* 385 F.3d at 573); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 208 (5th Cir. 2016). In limited circumstances, however, a district court may perform a more detailed factual analysis: if it appears that the plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder, a district court can, in its discretion, pierce the pleadings and conduct a limited "summary inquiry." *Flagg,* 819 F.3d at 136.

19. The Court should conduct a limited "summary inquiry" in this case because the evidence demonstrates that Plaintiff has made a series of incorrect statements in her First Amended Petition for the purpose of painting Block as contributing to cause the accident and destroying diversity. Plaintiff asserts that Putman caused the semi-tractor trailer he was operating to move from his own lane on eastbound Interstate 10 into the center lane occupied by the Plaintiff, causing it to overturn and come to rest on its side. (See Exhibit C: 1st Am'd Pet., ¶¶ 3.04.) She also asserts that "*after* Plaintiff's vehicle came to rest on its side, Defendant Phillip Block, who had also been traveling eastbound on IH-10, failing to timely apply his brakes and struck the undercarriage of

Plaintiff's vehicle." (See Exhibit C: 1st Am'd Pet., ¶¶ 1.04.) (Emphasis added.) She alleges that "had Defendant Phillip Block been keeping a proper lookout and/or timely applied his brakes, he would have avoided colliding into Plaintiff's vehicle." (See Exhibit C: 1st Am'd Pet., ¶¶ 3.05.)

20. Plaintiff's claim that Block struck a stopped vehicle in front of him that he could have avoided had he kept a proper lookout or timely applied his brakes is disproven by video footage of the accident. The footage demonstrates that that Plaintiff's vehicle did not come to rest in the path of Block's automobile, but rather that the collision with the semi-tractor trailer pushed Plaintiff's car into the side of Block's automobile *while all three vehicles were still moving*. (*See* said footage, attached as Exhibit G; the accident occurs between :25 and :35 of the footage.) Thus, Block did not encounter a disabled vehicle in front of him and fail to avoid it. Rather, Block's vehicle was struck on the left side by Plaintiff's automobile as both were traveling in the left and center lanes of eastbound Interstate 10. Block's vehicle did not strike Plaintiff's; on the contrary, Plaintiff's vehicle struck Block's.

21. Plaintiff's claim against Block is also disproven by the narrative of the accident contained in the police report, which the Plaintiff also pled her First Amended Petition, ¶ 3.14, 3.15. The police report also documents the Defendant's vehicle first hitting the Plaintiff's vehicle which then collides with Block's vehicle. These allegations do not support a cause of action for negligence against Block.

22. Plaintiff's sole cause of action against Block is negligence. To prevail on a common law negligence claim, a plaintiff must be able to prove three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damage proximately caused by the breach. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason,* 143 S.W.3d 794, 798 (Tex. 2004); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). The threshold inquiry in

a negligence case is duty. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). A plaintiff must prove the existence and violation of a duty owed by the defendant. *Id.* If there is no duty, liability for negligence cannot exist. *Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex. 1999). A finding of negligence is a prerequisite to a finding of gross negligence—without the former, the latter cannot exist. *Sonic Sys. Int'l, Inc. v. Croix*, 278 S.W.3d 377, 395 (Tex. App.-Houston [14th Dist.] 2008, pet. denied).

23. Plaintiff's First Amended Petition asserts that Block failed to exercise the degree that a reasonable and prudent person would have in "crashing into Plaintiff's stopped/overturned vehicle," failing to keep a proper lookout or timely apply brakes, and traveling at an unsafe speed. The footage attached as an exhibit demonstrates that Block did not crash into Plaintiff's vehicle, fail to keep a proper lookout or timely apply brakes, or travel at an unsafe speed.  (*See* Exhibit G.) The footage shows that Plaintiff's automobile struck Block and not vice-versa.

24. Notably, Plaintiff mischaracterizes the nature of Block's duty to her. Under the sudden emergency doctrine of Texas law, "when a person is confronted by an emergency arising suddenly and unexpectedly, not proximately caused by any negligence on his part, and which to a reasonable person requires immediate action without time for deliberation, his conduct in such an emergency is not negligence or a failure to a use a high degree of care, if after such emergency arises, he acts as a very cautious, competent person would have under the circumstances." *McDonald Transit, Inc. v. Moore*, 565 S.W.2d 43, 44 (Tex. 1978).  The footage and the police report referenced in Plaintiff's First Amended Petition show that Block did not breach any duty to the Plaintiff, and that the Plaintiff did not suffer any damages as a proximate cause of such breach on the part of Block.  As such, Plaintiff cannot maintain her negligence cause of action or her gross negligence claim against Block.  As Plaintiff has no reasonable basis of recovery against Block in

Texas state court, this cause of action may be removed to the United States District Court for the Eastern District of Texas, Beaumont Division.

25. Because there is complete diversity among the properly-joined parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 USC §§ 1332, 1441 and 1446.  Therefore, removal is proper.

Respectfully submitted,

**LITCHFIELD CAVO LLP**

*/s/Matthew D. Walker*
Matthew D. Walker
SBN:  24075762
walker@litchfieldcavo.com
One Riverway, Suite 1000
Houston, Texas 77056
Telephone:  (713) 418-2000
Facsimile:   (713) 418-2001

ATTORNEYS FOR DEFENDANT THEODORE PUTMAN

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument was served as indicated on this 22nd day of February 2022 to the following:

Gilbert T. Adams, III
Gilbert Adams Law Offices
1855 Calder Avenue at Third
P.O. Drawer 3688
Beaumont, Texas  77704
*Attorney for Plaintiff*

David K. Loveless
Eggleston Briscoe
333 Clay Street
4800 Three Allen Center
Houston, Texas 77002
*Attorney for Defendant Phillip Block*

                                          */s/Matthew D. Walker*

                                          Matthew D. Walker